This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SELENE FINANCE LP,**

Plaintiff-Appellee,

**v.**                                                                    **No. A-1-CA-36147**

**MARY L. DURAN, a/k/a**
**MARY LOU DURAN,**

Defendant-Appellant,

and

**RUDOLPH R. DURAN, if Living;**
**if Deceased, THE ESTATE OF**
**RUDOLPH R. DURAN, Deceased,**
**and THE UNKNOWN HEIRS, DEVISEES,**
**and LEGATEES OF RUDOLPH R. DURAN,**
**Deceased,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Little, Bradley & Nesbitt, P.A.
Lucinda R. Silva
Albuquerque, NM

for Appellee

Mary L. Duran
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}   In this foreclosure action, self-represented Defendant Mary L. Duran seeks to appeal from the district court's order granting summary judgment (against her) and default judgment (against Rudolph R. Duran, his estate, and heirs), and in favor of Plaintiff Selene Finance LP. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant filed a memorandum in opposition, and Plaintiff Selene Finance LP filed a memorandum in support of our proposed summary affirmance. We have duly considered the aforementioned pleadings. For the reasons stated in the notice of proposed disposition and below, we affirm.

{2}   In our notice of proposed disposition, we suggested that, as a self-represented litigant, Defendant may appeal only on her own behalf, meaning that Defendant may appeal only the summary judgment granted against her in this case. [CN 2-3] Defendant did not challenge this suggestion in her memorandum in opposition. [*See generally* MIO] Therefore, for the reasons discussed in our notice of proposed

disposition, this Court's decision is limited to the grant of summary judgment.

{3}     Defendant continues to challenge Plaintiff's standing. [MIO unpaginated 2-6[1]] As discussed in our notice of proposed disposition [CN 3-4],"standing to bring a foreclosure action" must exist "at the time [a plaintiff] file[s] suit." *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1. Pertinent to this, we explained our understanding of the relevant facts: the note in this case was originally payable to Taylor, Bean & Whitaker Mortgage Corp; Bank of America, N.A. (the Bank) filed both the original foreclosure complaint and an amended foreclosure complaint in this case and attached copies of the note, indorsed in blank, to the complaint and amended complaint; Plaintiff was substituted as the current Plaintiff; Plaintiff filed a motion for summary judgment and asserted that it was the holder of the note; and pursuant to an affidavit, Plaintiff's attorney stated under oath that her law firm had possession of the original note as attorneys for the Bank and the firm maintained continuous possession of the original note. [CN 4-5]

{4}     Based on the foregoing facts, we suggested that Plaintiff made a prima facie case that it was the holder of the note and entitled to judgment as a matter of law. [CN

---

[1]The Court directs Defendant to Rule 12-305(B)(3) NMRA, which requires that documents filed with this Court be "paginated with consecutive page numbers at the bottom."

5] *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 ("Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law."); *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment."); NMSA 1978, Section 55-3-301(1992) (stating that the holder of an instrument is entitled to enforce the instrument). Having reviewed Defendant's response to the motion for summary judgment and her arguments on appeal, we were not convinced that there were genuine issues of material fact that would have required a trial on the merits. [CN 5] *See Roth*, 1992-NMSC-011, ¶ 17 ("Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."). Therefore, we proposed to affirm the district court's order granting summary judgment in favor of Plaintiff. [CN 5]

**{5}**     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. [*See generally* MIO] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed

4

disposition to clearly point out errors in fact or law."). Nevertheless, she maintains that Plaintiff failed to establish standing at the time that the complaint was filed. [MIO unpaginated 2-6] She claims that "physical possession of the note is not sufficient to make one a holder" and "[n]either the Bank's attachment of a copy of [the] note, indorsed in blank, to its pleading nor its production of that note at the summary judgment established the Bank's standing to bring the suit for foreclosure against [her]." [MIO 2-4] However, the law does not support these arguments. *See* NMSA 1978, Section 55-3-205(b) (1992) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

{6} In her docketing statement, Defendant argued that the district court erred by not holding a hearing on the motion for summary judgment; the district court erred by not requiring Plaintiff to present the original note to Defendant in open court; and the district court erred by not having a hearing on the motion to substitute Plaintiff as the current plaintiff and by disregarding Defendant's time to respond to that motion. [DS 3-5] In our notice of proposed disposition, we explained why we were not persuaded that Defendant had demonstrated error on appeal. [*See generally* CN 5-7] *See*

5

*Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred). Defendant did not address these issues in her memorandum in opposition to our proposed notice of disposition; therefore, we consider them abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that, when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{7}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**STEPHEN G. FRENCH, Judge**