Marshall, Ch. J.,
 

 delivered the opinion of the court, as follows : — In this case, a bill was brought in the circuit court for the county of Alexandria, by William Herbert, jr., trustee for the creditors of John Potts, an insolvent debtor, against the Bank of Alexandria, to recover the proceeds of a tract of land, the property of Potts, which had been sold by consent, and the money deposited in bank. This land had been conveyed by Potts to the bank, to secure the payment of a sum of money borrowed by him, but the deed of mortgage had not been recorded until eight months after its date had elapsed. The law of Virginia, which governs this case, declares all deeds of mortgage whatsoever, though good between the parties, to be void as to creditors and subsequent purchasers, without notice, unless they be recorded within eight months from the date. The.question is, whether this mortgage can -be set up in favor of the bank against the trustee for the creditors ? The circuit court decreed in favor of the trustee, and from that decree there is an appeal to this court.
 

 For the appellant, it is contended, that the trustee may be assimilated to the assignees of a bankrupt, and he has adduced some cases from the books showing that, in England, a deed declared to be void in law has been supported against the assignees, in favor of the particular creditor who holds a lien upon it.
 

 
 *27
 
 Tlie resemblance between the trustee for the estate of an insolvent debtor, in the district of Columbia, and the assignees of a bankrupt is admitted ; yet a clear distinction exists between the cases cited at bar and *391 before the court. In those cases, the deed was declared void, J without any view to creditors. In this case, the deed is declared void for the particular benefit of creditors. To set up this deed against the creditors, would be to defeat the very object for which the law was made. The counsel for the appellant is well apprised of this distinction, and though he claims for his clients the benefit of this deed against the trustee, he admits that it could not be sustained against the creditors suing in their own names.
 

 In reason, there can be no difference between this suit, which asserts the right of the creditors, in the mode prescribed by law, and an assertion of that right in their own names. Nor does the law distinguish between them. The cases cited did not turn on any distinction between the rights of the assignee and the creditors, but on the preference which ought to be given to him who has trusted on the credit of the particular fund over those who had trusted the general fund. The decree is affirmed, with costs.
 

 Decree affirmed.