This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36366**

**PHILLIP R. ROBLES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant Phillip R. Robles appeals from his convictions by jury trial of kidnapping, contrary to NMSA 1978, Section 30-4-1(A) (2003); battery against a household member, contrary to NMSA 1978, Section 30-3-15 (2008); and interference with communications, contrary to NMSA 1978, Section 30-12-1 (1979). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**Forfeiture of Right to Confrontation**

{2}     Defendant continues to argue that the admission of Victim Heather Trujillo's out-of-court statements violated his Sixth Amendment right of confrontation. [MIO 6] Defendant's memorandum in opposition discusses *Crawford v. Washington*, 541 U.S. 36 (2004) in depth, as well as each of the requirements necessary for an out-of-court testimonial statement to be admitted. [*See* MIO 6-19] As it appears to be undisputed that the statements made by Victim are testimonial and that Defendant did not have an opportunity to cross-examine Victim [*see, e.g.*, MIO 7-9, 9-11], the statements would be inadmissible absent some exception to *Crawford*. *See id.* at 59, 68. Some exception to *Crawford*, however, is precisely at issue in this case. As noted in *Crawford* itself, "the rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds[.]" *Id.* at 62. Our

2

Supreme Court explained that the "rationale underlying such a rule of forfeiture is the law will not allow a person to take advantage of his own wrong." *State v. Alvarez-Lopez*, 2004-NMSC-030, ¶ 8, 136 N.M. 309, 98 P.3d 699 (alteration, internal quotation marks, and citation omitted).

{3}     Thus, in the present case, in order to conclude that Defendant forfeited his right to confrontation, the State was required to prove that (1) Victim was expected to be a witness; (2) Victim became unavailable; (3) Defendant's misconduct caused Victim's unavailability; and (4) Defendant intended by his misconduct to prevent Victim from testifying. *See id.* ¶ 10. [*See* MIO 17] The first requirement is undisputed. As to the second, Rule 11-804(A)(5)(a) NMRA states that a witness is "unavailable" when she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . [her] attendance, in the case of a hearsay exception under Rule 11-804(B)(1) or (5)[.]" Rule 11-804(B)(5) states that "[a] statement offered against a party that wrongfully caused . . . the declarant's unavailability" is *not* excluded by the rule against hearsay if the declarant is unavailable. In other words, as applicable in the present case, in order for Victim's out-of-court statements to be offered against Defendant despite Victim's absence from trial and the State's inability to procure her attendance, then the State must show that Defendant wrongfully caused Victim's unavailability with the intent to do so. *See*

Rule 11-804(A)(5)(a), (B)(5); *Alvarez-Lopez*, 2004-NMSC-030, ¶ 10; *cf. State v. Romero*, 2006-NMCA-045, ¶ 45, 139 N.M. 386, 133 P.3d 842 (noting that testimonial statements should be excluded "only if . . . [the d]efendant was not in any way motivated by a desire to prevent the victim from testifying when he committed the acts that contributed to her death").

{4} Defendant disputes both that Victim was unavailable and that he wrongfully caused Victim's unavailability, intending that result. [*See* MIO 9, 11] Defendant identifies the following pertinent facts. On August 23, 2016, officers were dispatched to a house occupied by Victim who informed them that Defendant broke into her home, battered her, and advised her not to appear at his upcoming preliminary hearing set for September 1, 2016. [MIO 1-2] On August 27, 2016, officers again encountered Victim whose face was noticeably swollen and bleeding from the side of her mouth, who told officers that Defendant had punched her in the face and mouth and took her cell phone. [MIO 2] On September 1, 2016, officers were again dispatched to Victim's home after Victim's grandmother called police because she had not had communication with Victim in a few days. [MIO 2] Victim told officers that Defendant had held her at another location for a few days and that he had held her against her will so she would not testify against him in a magistrate court case that day. [MIO 2] During September 2016, Defendant also placed numerous phone calls

4

to Victim from county jail and argued with her over his desire for her to sign a no prosecution form so the charges against him would be dropped. [MIO 3] Defendant also states that there is no evidence that he made any threats to Victim or harmed her since September 2016. [MIO 4]

{5}    The State notified the district court and the defense that Victim was unavailable for trial. [MIO 4] The State's investigator testified that he made several attempts to serve a subpoena on Victim, including taping subpoenas to the door, but that no one would answer the door, despite the appearance of someone being home. [MIO 4] Defendant points out that Victim also had disdain for the prosecution in the present case, stated that she felt pressure to testify, and demonstrated that she did not want to testify because of law enforcement and the prosecutor's behavior and conduct during this case. [MIO 4, 5] The trial in this case was on February 24, 2017, and Defendant notes that Victim testified against him in his magistrate court case on February 3, 2017. [MIO 4, 5] The district court found that Victim was unavailable to testify in the present case due to Defendant's conduct from August and September 2016. [MIO 5]

{6}    Based on this iteration of the facts and evidence, Defendant does not dispute that Victim was absent from trial or that the State attempted to procure her attendance by process or other reasonable means. *See* Rule 11-804(A)(5)(a), (B)(5); *Alvarez-Lopez*, 2004-NMSC-030, ¶ 10. Accordingly, we must consider whether the district

5

court correctly concluded that Defendant wrongfully caused Victim's unavailability, intending that result. *See* Rule 11-804(A)(5)(a), (B)(5); *Alvarez-Lopez*, 2004-NMSC-030, ¶ 10. For purposes of this argument, Defendant does not dispute that there is evidence that he intended, in August and September 2016, to prevent Victim from testifying against him in a separate magistrate court case and urged her to seek dismissal of all of his charges. [MIO 14] Rather, Defendant argues that because there is no evidence or even an allegation that Defendant communicated with Victim in the five months between such conduct and the trial in the present case and because she testified against him in another case in the meantime, it was not his actions in August and September 2016 that caused Victim's absence in this case. [MIO 14-15] Defendant also alleges that it was the State, not him, who procured Victim's absence. [MIO 15]

{7}     However, Defendant cites no law, and we are aware of no law that states that when there is a pattern of conduct whereby a defendant verbally and physically threatens a witness to keep her from testifying against him, a lapse in time will undo the impact of such conduct, so we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that this Court "will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists"). We are

unpersuaded that Defendant did not procure Victim's absence with the intent to do so when he verbally and physically threatened Victim mere months before she was set to testify, continually called Victim while he was in jail, and sought her signature on a no prosecution form so all charges against him would be dropped. *See* Rule 11-804(A)(5)(a), (B)(5); *see also Alvarez-Lopez*, 2004-NMSC-030, ¶ 10.

**{8}** Finally, although Defendant points to the State as the cause behind Victim's failure to appear, he again cites no authority that indicates that a defendant wrongfully causing a witness's absence with the intent to do so is somehow undone by the existence of an additional potential cause for such absence. *See Casares*, 2014-NMCA-024, ¶ 18. In any event, Defendant has failed to show that the district court erred in concluding that he caused Victim's unavailability, intending to do so. We therefore conclude that the district court did not err in allowing Victim's out-of-court statements. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings" (alteration, internal quotation marks, and citation omitted)); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**Sufficiency**

{9}      Defendant additionally continues to argue that there was insufficient evidence to support his convictions. [MIO 20] In his memorandum in opposition, Defendant focuses his argument on the State's purported failure to prove that the actions that resulted in the charges occurred on or about September 1, 2016, as stated in the jury instructions. [*See* MIO 21-22] However, the jury instructions do not limit the jury to finding such actions occurred *on* September 1, 2016, but rather *on or about* September 1, 2016. [*See* MIO 21] As acknowledged by Defendant and as described earlier, the testimony at trial provided evidence that the actions occurred on August 23, 2016, August 27, 2016, and September 1, 2016. [*See* MIO 22; *see also* CN 6-7] We conclude that the evidence presented at trial is sufficient for the jury to have reasonably concluded that Defendant committed the crimes of kidnapping, battery against a household member, and interference with communications on or about September 1, 2016. We reiterate that it was for the jury to resolve conflicts in the evidence and determine weight and credibility. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not re-weigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d

8

1156 (same). Moreover, the jury is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{10}** Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{11}** **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**