800 P.2d 1063

**FARMERS, INC., a New Mexico corporation, Plaintiff–Appellant,**

v.

**DAL MACHINE AND FABRICATING, INC., an Arkansas corporation, Defendant–Appellee,**

**and**

**Jack Ogden, Intervenor–Appellee.**

No. 18916.

Supreme Court of New Mexico.

Nov. 19, 1990.

Jeffreys, Cooper & Associates, Kent Cooper, Deming, for plaintiff-appellant.

Edward L. Hand and Sherman and Sherman, P.C., Benjamin M. Sherman, Deming, for appellees.

## OPINION

BACA, Justice.

This controversy arose out of a transaction involving the sale and delivery of a trailer. In June 1985, while on personal business, appellee Jack Ogden learned that appellant Farmers, Inc. (Farmers) was interested in purchasing a gooseneck trailer. As a result, Ogden referred Farmers to Valley Farm Parts (VFP), an equipment dealer in Wilcox, Arizona. Apart from being a customer of both Farmers and VFP, Ogden had no association with either party. In July 1985, Farmers ordered a gooseneck trailer through VFP for the price of $5,800 delivered to Deming, New Mexico. Dal Machine & Fabricating, Inc. (Dal), an Arkansas company, was to construct the trailer. After agreeing on a price, Farmers dealt directly with Dal regarding specifications and manufacturing details. After the specifics were confirmed, Farmers sent a check for $1,680 payable to Dal for the down payment.

When the trailer was ready for delivery, VFP was terminating its relationship with Dal and made arrangements with Ogden to deliver the trailer to Deming for $1,000. Before picking up the trailer, Ogden stopped in Deming to discuss the delivery arrangement with Farmers' manager. At that time, Ogden informed the manager that he would have to pay the balance due on the trailer before Dal would release it. The manager assured Ogden that, upon delivery of the trailer, a check for $4,120 would be issued to reimburse Ogden and to pay for the delivery. As agreed, Ogden delivered the trailer and received Farmers' check for $4,120. Shortly thereafter, the trailer proved defective and Farmers stopped payment on its check to Ogden.

Farmers filed suit against Dal to recover the down payment, and Ogden intervened to recover the balance paid and the delivery fee. Farmers appeals from the judgment in favor of Ogden for $4,120, contending: (1) that the judgment granted relief that was not within the theory of the case; and (2) the relief granted was contrary to the prayer for relief requested in the complaint. We affirm the trial court on both issues.

## I. WHETHER THE JUDGMENT GRANTED RELIEF WITHIN THE THEORY OF THE CASE.

Appellant contends that the court erred by granting relief that was not within the theory of the case as tried. Appellant asserts that although the court limited the theories of the case to contract and agency, a judgment was entered based on the theory of negotiable instruments. Specifically, appellant argues that the court's conclusions of law demonstrate that the decision was based entirely on NMSA 1978, Sections 55-3-101 to -805, the article in the Uniform Commercial Code dealing with negotiable instruments. As a consequence, appellant contends it was prejudiced because it was unable to raise various defenses arising out of NMSA 1978, Sections 55-3-302(2) and -305. We disagree and find that the trial court's conclusions of law are subject to an interpretation sounding in

contract. The challenged conclusions state:

8. A check is not just a mere order for payment of money. It is a *contractual obligation* of the drawer.

9. A check on which payment has been stopped comes within the classification of "money due by contract."

10. When Farmers stopped payment on the check to Ogden, it was liable to Ogden for the consequences of its conduct. In such event the relation between Farmers and Ogden became the same as if the check had been dishonored and notice thereof given to Farmers.

(a) The effect, so far as Farmers is concerned, is to change its conditional liability to one free from condition, and Farmers' situation is like that of the maker of a promissory note, due on demand.

11. Farmers' defenses against Dal are not available to Farmers against Ogden who had no knowledge of the trailer not conforming to specifications.

(emphasis added) (citations omitted).

When a conclusion of law is challenged, the standard of review is whether the law was correctly applied to the facts. *Texas Nat'l Theatres, Inc. v. City of Albuquerque*, 97 N.M. 282, 639 P.2d 569 (1982). We view the findings of fact in a manner most favorable to the appellee, indulging the decision with all reasonable inferences in support of it and disregarding all contrary evidence. *Id.* at 287, 639 P.2d at 574. In this case, we find that the law of contracts was correctly applied to the undisputed findings of fact.

Moreover, the court's findings of fact do not support any conclusions based on the law of negotiable instruments. The conclusions of law must be founded on and supported by the findings of fact. *In re Will of Carson*, 87 N.M. 43, 529 P.2d 269 (1974). The unchallenged findings make no mention of facts relating to negotiable instruments, although these findings of fact do support conclusions that relate to contract law. The trial court's findings of fact are to be liberally construed so as to sustain the judgment. *See Wine v. Neal*, 100 N.M. 431, 671 P.2d 1142 (1983). Moreover, al-though we find no discrepancy in the court's decision, if a conflict did exist between the conclusions of law and the findings of fact, the latter would prevail. *See Carson*, 87 N.M. at 44, 529 P.2d at 270.

The findings support the conclusion that a contract existed for delivery of the trailer. The court found that Farmers agreed to the delivery plans, knew the price of the trailer on delivery, and guaranteed Ogden payment of $4,120 upon delivery. Ogden agreed to pick up the trailer, but only after confirming with Farmers that payment was due on delivery. The court further found that Ogden relied on Farmers' assurances before he undertook the trip to Arkansas to procure the trailer from Dal. Because appellant has not disputed these findings, we accept them as the basis for the court's decision. *Kerr v. Akard Bros. Trucking Co.*, 73 N.M. 50, 385 P.2d 570 (1963). In light of these findings, Ogden fulfilled his obligations under the contract for delivery.

The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error. *See State v. Serrano*, 76 N.M. 655, 417 P.2d 795 (1966); *State v. Weber*, 76 N.M. 636, 417 P.2d 444 (1966). Appellant has failed to show that the court's conclusions were based erroneously on the law of negotiable instruments. The court's mere reference to the check, as the form of payment, fails to persuade us that the law of negotiable instruments was applied. We find that the form the payment took is irrelevant. Regardless of how the payment was made, Farmers' contractual liability was not discharged. Upon reviewing the record, we find that the judgment is subject to an interpretation based on a straightforward contract theory. Therefore, Farmers' argument regarding its possible statutory negotiable instruments defenses is moot because the court's decision was not based on the law of negotiable instruments, but on contract law.

II. WHETHER THE RELIEF GRANTED WAS CONTRARY TO THE PRAYER FOR RELIEF REQUESTED IN THE COMPLAINT.

Appellant asserts that the trial court erred in granting a judgment for relief that

was contrary to the relief Ogden requested. In his complaint in intervention, Ogden asked for the following alternative prayers for relief:

1. Should Plaintiff Farmers, Inc. recover from Dal Machine and Fabricating, Inc., that Plaintiff in intervention likewise recover from said company the sum of $4,120.00.

2. Should Defendant Dal Machine and Fabricating, Inc. be given judgment against Farmers, Inc. that Plaintiff in intervention be given judgment against Farmers, Inc. in the sum of $4,120.00.

It is appellant's contention that the court should be limited to granting the relief appellee requested. Therefore, appellant argues that because it obtained a favorable judgment against Dal, Ogden should have also secured a judgment against Dal. Appellant asserts that the judgment granting inconsistent relief was unfair because appellant relied on the unamended pleadings to structure its own pleadings. As a result, appellant failed to file a cross claim against Dal. Ogden contends, however, that such relief was within the theory of the case and that appellant was on notice of the relief requested, asserting that after discovery disclosed that he lacked the necessary privity with Dal, he sought relief only against appellant.

■ The purpose of the pleadings is to give fair notice of the claims and defenses so that the opposing party may prepare for trial. *Las Luminarias of N.M. Council of Blind v. Isengard,* 92 N.M. 297, 587 P.2d 444 (Ct.App.1978) (Sutin, J., concurring). The pleadings, however, are not dispositive of the issues, and recovery may be founded on other grounds not specifically stated in the complaint. *Harbin v. Assurance Co. of Am.,* 308 F.2d 748 (10th Cir.1962). In addition, SCRA 1986, 1–054(D) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." As a consequence of this rule and the above stated underlying policy, we have previously held that the trial court may grant any appropriate relief to which the

party is entitled regardless of the prayer for relief in the complaint. *Appelman v. Beach,* 94 N.M. 237, 608 P.2d 1119, *cert. denied,* 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980); *First Nat'l Bank in Albuquerque v. Energy Equities, Inc.,* 91 N.M. 11, 569 P.2d 421 (Ct.App.1977).

■ We acknowledge that under certain circumstances the court's power to grant any appropriate relief is limited. The present case, however, does not fall within any exceptions. Appellant refers us to authority wherein the court granted relief that was neither requested by the pleadings nor within the theory of the case—i.e., where the opposing party had no notice that the matters pertinent to the relief were to be covered at trial. *See Federal Nat'l Mortgage Ass'n v. Rose Realty, Inc.,* 79 N.M. 281, 282, 442 P.2d 593, 594 (1968); *Holmes v. Faycus,* 85 N.M. 740, 516 P.2d 1123 (Ct.App.1973). For example, in *Holmes* the court erred by granting relief for constructive eviction because the theory was neither stated in the pleadings nor within the theory of the case. Consequently, the losing party had no notice of the claim nor any opportunity to respond to this theory. Under those circumstances, an award of the unrequested relief would constitute a violation of that party's due process rights.

In the instant case, however, no such violation occurred. The theory of recovery was pled in contract, and the relief granted was within that theory of the case. Moreover, appellant was on notice of the relief sought. The pretrial order clearly stated that the contested issue was appellant's obligation to pay Ogden. Appellant, along with the other parties, viewed and signed the pretrial order. It is well-settled law that the pretrial order sets out the issues for trial and becomes the law of the case. *State ex rel. State Highway Dep't v. Branchau,* 90 N.M. 496, 565 P.2d 1013 (1977). The function of a pretrial order is to avoid the damaging technicalities of the pleading process. At a pretrial conference, the parties should raise all legal issues in the lawsuit. *See id.* Based on the pretrial order, Ogden did notify both the court and

appellant regarding the relief it was seeking. Appellant cannot now claim it was misled. Because the order was not modified at trial, appellant is bound by it. *Johnson v. Citizens Casualty Co.*, 63 N.M. 460, 321 P.2d 640 (1958).

In addition to the pretrial notice, the trial court also granted Ogden's motion to sever the trial so that the issue involving appellant's obligation to pay Ogden could be resolved separately. Although the trial was subsequently reconsolidated, the act of severance provided further notice that Ogden was seeking recovery solely against appellant.

In accordance with the foregoing, we affirm the judgment of the district court.

IT IS SO ORDERED.

SOSA, C.J., and WILSON, J., concur.