This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEL BEARD,**

Worker-Appellant,

v.                                                                    **NO. 31,319**

**DAWN TRUCKING CORPORATION,**
**and AIG DOMESTIC CLAIMS,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Titus & Murphy
Victor A. Titus
Farmington, NM

for Appellant

Hoffman Kelley, LLP
Michelle D. Lopez
McKinney, TX

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Worker appeals from the compensation order denying him permanent partial disability benefits. This Court issued a calendar notice proposing to affirm, in part, and reverse, in part. We proposed to reverse the compensation order to the extent the Workers' Compensation Judge (WCJ) denied Worker's request for permanent partial disability benefits for Worker's psychological impairment because the American Medical Association Guide categorizes somatoform disorders as non-ratable impairments. Instead, we proposed to hold that the WCJ erred by not assigning an impairment rating based on the medical testimony provided. However, to the extent Worker argued that the WCJ erred by not combining his shoulder impairment in determining his total impairment rating, we proposed to conclude that no error had occurred.

No written opposition to this Court's proposed partial summary reversal has been filed. We therefore rely on the analysis contained in our second notice of proposed disposition to reverse the compensation order to the extent the WCJ failed to provide an impairment rating for the psychological condition that the WCJ concluded was a direct and proximate result of the accident. However, Worker has filed a memorandum in opposition to this Court's proposed partial summary affirmance, which we have duly considered. Unpersuaded, we conclude the WCJ did not err by failing to consider Worker's shoulder condition in determining Worker's

overall impairment.

Worker relies on *Leo v. Cornucopia Restaurant*, 118 N.M. 354, 881 P.2d 714 (Ct. App. 1994), to argue that all impairments that contribute to Worker's disability should be included in the award even if not caused by the on the job accident. [DS 11; MIO 1] In this Court's second notice of proposed disposition, we noted *Leo*'s holding that "when a worker suffers from a preexisting physical impairment, which combines with the impairment attributable to the work-related injury to produce disability, this impairment must be included in the determination of the impairment rating to be used to determine a worker's permanent partial disability." *Id.* at 360, 881 P.2d at 720. We pointed out that, in *Leo*, the worker's pre-existing heart and lung condition imposed significant restrictions on the ability to treat his back injury, and the combination of the heart and lung condition with the worker's back injury limited the worker to performing sedentary jobs. *Id.* at 358, 881 P.2d at 718. We suggested that in the present case there did not appear to be any testimony that Worker's pre-existing shoulder injury somehow impacted his trigeminal nerve injury or his pain disorder with depressed features to create a greater degree of impairment.

In his memorandum in opposition, Worker contends that this Court has misconstrued the holding in *Leo* and asserts that the shoulder injury combines with the psychological injury to produce his disability. [MIO 1, 6] Worker does not, however,

3

address the facts on which this Court relied to distinguish *Leo* from the present case, nor does Worker direct this Court to any other authority that would indicate our reading of *Leo* is incorrect.

Although Worker directs this Court to various pieces of medical testimony in his memorandum in opposition, that testimony does not establish a connection between the shoulder injury and the psychological pain disorder or the trigeminial nerve injury– the conditions the WCJ concluded were a direct and proximate result of the accident. *See Edmiston v. City of Hobbs*, 1997-NMCA-085, ¶ 16, 123 N.M. 654, 944 P.2d 883 (providing that it is the worker's burden to demonstrate causal connection); *see also Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (stating that it is the appellant's duty to demonstrate error on appeal). Our case law requires such a correlation:

> We are of the opinion that where there is a direct relationship or causal connection between the accidental injury and the resulting disability the employee is entitled to compensation to the full extent of the disability even though attributable in part to a pre-existing condition, notwithstanding acceleration or aggravation may be absent. It must be clear that there must be some causal connection-not a case where a man is suffering from a compensable injury to an arm and is then struck by a car while crossing the street, or comparable situations where there is no connection or relation between separate disabling illnesses and injuries.

*Reynolds v. Ruidoso Racing Ass'n*, 69 N.M. 248, 258, 365 P.2d 671, 678 (1961). Thus, in *Reynolds*, the Court permitted recovery where the Worker had osteoporosis

4

and suffered a compression fracture of a spinal vertebra, holding that "where, as here, the injury is to a bone, and the disease being suffered is to the bones, and the total disability results from the concurrence of the two factors, the right to compensation for the resultant condition cannot be successfully questioned." *Id.* Because we conclude that Worker has not directed this Court to evidence presented to the WCJ that would establish this causal connection, we cannot conclude that the WCJ erred.

For the reasons stated above and in our second notice of proposed disposition, we affirm, in part, and reverse, in part, and remand this matter for further consideration consistent with this opinion.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**