This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36057**

**STEVE ALVERSON,**

Defendant-Appellant,

**and**

**DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Snell & Wilmer L.L.P.
Sandra A. Brown
Steven J. Lucero
Jeannette Martinez Whittaker
Albuquerque, NM

for Appellee

Steve Alverson
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}	In this foreclosure case, Defendant Steve Alverson (Homeowner), a self-represented litigant, appeals from the district court's final order denying his motion to dismiss and motion to vacate, entered December 2, 2016. [DS 2; 3 RP 462-65] In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant filed a memorandum in opposition that we have duly considered. For the reasons stated in the notice of proposed disposition and in this opinion, we affirm.

{2}	**Issues 1, 3-5:** Homeowner's central contention, raised in Issues 1, 3, 4, and 5, was that Wells Fargo Bank, N.A. (Wells Fargo) did not have standing to foreclose on his property. [DS 5-6] In our notice of proposed disposition, we noted that the district court entered its judgment, decree of foreclosure, appointment of special master and order for sale on May 8, 2014. Homeowner did not file a timely notice of appeal from this judgment, and the appeal currently before this Court is from the denial of Homeowner's motion for relief from judgment under Rule 1-060(B) NMRA. [CN 2] As such, we limited our review to the district court's denial of Homeowner's Rule 1-060(B) motion. [CN 2-3] *See Marquez v. Larrabee*, 2016-NMCA-087, ¶ 9, 382 P.3d

2

968 (explaining that because the notice of appeal was timely only as to the district court's denial of the defendants' motion to set aside the default judgment under Rule 1-060 and not as to the district court's order granting the plaintiff's motion for a default judgment, this Court would address only the district court's denial of the motion to set aside the default judgment). Homeowner does not challenge our decision to limit our review to the denial of his Rule 1-060(B) motion. [*See generally* MIO]

**{3}** With respect to the standing arguments raised in Homeowner's Rule 1-060(B) motion, we proposed to conclude that the prudential standing requirement was waived in this case by Homeowner's failure to timely appeal from the foreclosure judgment, and standing cannot be the basis for the collateral attack here under Rule 1-060(B). [CN 3] *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046 (holding that "a final judgment . . . to enforce a promissory note . . . is not voidable under Rule 1-060(B) due to a lack of prudential standing").

**{4}** In response, Homeowner asserts that Rule 1-060(B)(6) "[p]rovides that a judgment may be vacated for 'any other reason[,]'" and substantial justice requires vacation of the judgment in this case. [MIO 1-2] While Rule 1-060(B)(6) provides that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment[,]" Homeowner has not demonstrated that he is entitled to such relief in this

3

case. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate courts presume that the district court is correct and the burden is on the appellant to clearly demonstrate that the lower court erred).

{5}     **Issue 2:** In his docketing statement, Homeowner also claimed that the district court erred in denying his Rule 1-060(B) motion on due process grounds. [DS 5] He claimed that he did not receive notice of the pleadings filed between November 2, 2013 and July 21, 2014. [DS 5; *see also* 3 RP 378-81, 404-08]

{6}     Because his due process challenge concerned factual issues, we reviewed the district court's order for an abuse of discretion. [CN 3-4] *See Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295 ("We generally review the trial court's ruling under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law." (internal quotation marks and citation omitted)); *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case."). In response, Homeowner claims that his due process challenge raises questions of law and the proper standard of review is de novo. [MIO 2-3] However, Homeowner continues to argue only a factual issue—whether he received correspondence from Wells Fargo for periods of

time from November 2013 through July 2014. [MIO 1] Therefore, we are not convinced that the proper standard of review is de novo.

{7}     In our notice of proposed disposition, we noted that Wells Fargo stated below that attorney N. Ana Gardner entered her appearance, without limitation, on October 16, 2012, on behalf of Homeowner; no order permitting her withdrawal had been entered; and Wells Fargo served Ms. Gardner with notice of all pleadings after October 16, 2012 in this matter. [CN 4] *See* Rule 1-005(B) NMRA ("Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court."); Rule 1-089(B)(1) NMRA ("An attorney shall obtain a court order permitting withdrawal when . . . the attorney has appeared without limitation[.]"). We further noted that Wells Fargo stated that after Homeowner filed his "Notice of Dismissal of Attorney" on November 1, 2013, "all subsequent filings **were** served upon [Homeowner] as a *pro-se* party at the address he himself indicated was the appropriate address for service of pleadings." [CN 5] In light of the foregoing, we suggested that we could not conclude that the district court abused its discretion in denying Homeowner's Rule 1-060(B) motion on due process grounds. [CN 5]

{8}     In response, Homeowner claims that, per his affidavit filed in district court on September 3, 2014, he did not receive correspondence from Wells Fargo "after

November 1, 2013 [until] July 28[,] 2014," and Homeowner attached a copy of the affidavit to his memorandum in opposition. [MIO 1, 4-5] Homeowner further contends that Wells Fargo did not rebut the information contained in his affidavit, and therefore, "[i]t is undisputed that [he] did not receive proper notice and was therefor[e] denied due process." [MIO 1-2] As discussed in the notice of proposed disposition and in this opinion, the record does not support these arguments.

{9}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm.

{10}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**JULIE J. VARGAS, Judge**

6