This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GARY CHAVARRIA,**

Petitioner-Appellant,

v.                                      **NO. A-1-CA-36120**

**SHERRY LYNN CHAVARRIA**
**n/k/a SHERRY JAMESON,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Almanza Abrams, P.A.
Steven L. Almanza
Las Cruces, NM

for Appellant

Kenneth L. Beal
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Petitioner Gary Chavarria appeals following the district court's entry of a divorce decree and the denial of three motions for reconsideration. On appeal, Petitioner contends (1) his refusal to sign the marital settlement agreement rendered the agreement unenforceable, and (2) the district court erred in its application of Rule 1-060(B) NMRA. This Court issued a notice of proposed disposition, proposing to affirm. Petitioner has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we proposed that a number of the issues Petitioner raised were not properly before this Court. We further proposed that, to the extent Petitioner was contending that the district court's order was void because Petitioner did not sign a marital settlement agreement, the case law Petitioner relied on did not support that conclusion. Specifically, we noted that *Herrera v. Herrera*, 1999-NMCA-034, ¶ 17, 126 N.M. 705, 974 P.2d 675, supports the proposition that a signature on marital settlement documents is not required where the agreement is judicially supervised.

{3}     In response, Petitioner continues to argue that his signature is required and that, absent his signature, the agreement does not satisfy NMSA 1978, Section 40-2-4 (1907). Petitioner does not, however, address the fact that there was a trial and a presentment hearing and that the district court heard testimony and made findings regarding the agreement. *See Herrera*, 1999-NMCA-034, ¶ 13 (stating that "[w]hat

does prove the existence and therefore enforceability of the [marital settlement agreement] is the testimony given to the trial court"). Because Petitioner has not addressed the specific testimony that was introduced or how that testimony was insufficient to establish that an agreement existed, we conclude that Petitioner has not satisfied his burden on appeal of overcoming the presumption of correctness in the district court's rulings. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Thus, we conclude that Petitioner has not demonstrated that the district court abused its discretion in denying Petitioner's request for relief. Accordingly, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

3

_____

**JENNIFER L. ATTREP, Judge**