This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ELIZABETH WAGNER,**

Plaintiff-Appellant,

**vs.**                                                        **No. A-1-CA-37013**

**EDWARD REYES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Elizabeth Wagner
Las Cruces, NM

Pro Se Appellant

Kelly S. O'Connell
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge**.

{1}     Plaintiff, who is self-represented, appeals from an adverse district court judgment in this dispute over warranty coverage. We issued a calendar notice

proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

{2}    Because this was a bench trial, "the judgment must be supported by findings, which in turn must be supported by substantial evidence." *First W. Sav. & Loan Ass'n v. Home Sav. & Loan Ass'n*, 1972-NMCA-083, ¶ 10, 84 N.M. 72, 499 P.2d 694 (internal quotation marks and citation omitted). "This Court does not reweigh the evidence on appeal and is bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous or not supported by substantial evidence." *Doughty v. Morris*, 1994-NMCA-019, ¶ 9, 117 N.M. 284, 871 P.2d 380 (internal quotation marks and citation omitted).

{3}    Here, Plaintiff's complaint alleged that water damage to her home was the result of a leaking roof. [RP 5] The roof was covered by a warranty issued by Defendant. [RP 8] After a trial, the district court found that the water damage was not caused by the roof, but was instead the result of damaged parapets. [RP 53] The court found that Defendant had told Plaintiff that the parapets needed to be repaired, but photographs showed that Plaintiff did not make the repairs prior to the water damage. [RP 53] The court also noted that "new roof" does not include parapets under industry standards. [RP 53]

**{4}** In her memorandum in opposition, Plaintiff claims that she was never told that the parapets had to be repaired. However, we defer to the factfinder's determination that she had been so informed. *See ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 10, 299 P.3d 844 (stating that matters of credibility are to be resolved by the factfinder). We also do not believe that Plaintiff has pointed out any other errors in fact or law below. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

**{5}** For the reasons stated above, we affirm.

**{6}** **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**



_____
**DANIEL J. GALLEGOS, Judge**



_____
**JENNIFER L. ATTREP, Judge**