This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARIA XIMENA VAN GELDER,**

Plaintiff-Appellant,

v.                                                        **NO. A-1-CA-36689**

**MOLINA HEALTHCARE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Huling, District Judge**

Maria Ximena Van Gelder
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff, a self-represented litigant, appeals from the district court's order denying her motion to reopen the case. We issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we are unpersuaded and therefore affirm.

{2} We previously set forth the relevant background information and principles of law in the notice of proposed summary disposition. We will not reiterate them here. Instead, we will focus on the content of the memorandum in opposition.

{3} In her memorandum in opposition, Plaintiff continues to make various arguments related to possible claims that she may have against Molina Healthcare. [*See generally* MIO; *see also* DS] However, she does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris,* 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4} While we note that Plaintiff asserts that her motion to reopen the case in the district court was improperly denied [MIO 4], she has not demonstrated how the district court erred in denying her motion. Additionally, we note Plaintiff's statements that she has sought legal counsel to no avail and she has done her best with the court

filings. [MIO 3-4] Having chosen to represent herself in this Court, we hold her to the same standard of compliance with our rules as licensed attorneys in this state. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that "we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of [her] pro se status" and that a pro se party "who has chosen to represent [herself], must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel").

{5}    We are not convinced that Plaintiff has demonstrated error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that appellate courts employ a presumption of correctness in the rulings of the district court and the burden is on the appellant to clearly demonstrate error). Therefore, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{6}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

3

_____
**DANIEL J. GALLEGOS, Judge**


_____
**JENNIFER L. ATTREP, Judge**