This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRYCE FRANKLIN,**

     Plaintiff-Appellant,

v.                                                                                          **NO. A-1-CA-37393**

**SANDY FRANKLIN and
NICK GONZALES,**

     Plaintiffs,

v.

**ALISHA LUCERO, Head Warden of
PNM; NEW MEXICO DEPARTMENT
OF CORRECTIONS; and PENITENTIARY
OF NEW MEXICO,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
David K. Thomson, District Judge**

Bryce Franklin
Santa Rosa, NM

Pro Se Appellant

N.M. Corrections Department
Paula E. Ganz, Deputy General Counsel
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiff Bryce Franklin, a self-represented inmate, appeals from the district court's order of dismissal that grants summary judgment in favor of Defendants on grounds that Plaintiff failed to exhaust his administrative remedies as to his grievances about the prison's treatment of his mail. Unpersuaded that Plaintiff established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded that the record shows error, and affirm the dismissal of his complaint.

**{2}** On appeal, Plaintiff contends that the district court erred in dismissing his case: (1) by ruling that he failed to exhaust his administrative remedies; (2) by considering matters outside of the pleadings; and (3) by failing to notify Plaintiff that Defendants' motion was converted to one for summary judgment. [DS 3] In examining Plaintiff's challenge to dismissal for his failure to exhaust remedies, we combed the record in attempts to find grievances related to the complaint and to determine whether they complied with the grievance process to demonstrate the futility of exhaustion, as Plaintiff alleges. [CN 4-6] We ultimately proposed to conclude that Plaintiff's showing was too underdeveloped to demonstrate error and would require us to presume error in a manner disallowed by our standard of review. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that we presume correctness on appeal, and the appellant must clearly and affirmatively demonstrate district court error).

**{3}** In response to our notice, Plaintiff contends we erred in our understanding of the grievance procedure, the effect of his "sworn statement," his inability to establish exhaustion of remedies after filing the complaint, and the potential impact of his punishment for possessing escape paraphernalia on his mail privileges. [MIO 3-10] Plaintiff does not explain, however, his understanding of the grievance procedure and how he demonstrated that each of his grievances relate to his complaint and satisfy the grievance procedure, which sworn statement he relies on and the basis for his understanding of its effect, and the actual impact of his punishment for possessing escape paraphernalia. The record and Plaintiff's assertions on appeal leave us without fundamental and crucial details upon which a showing of error in summary judgment needed to have been predicated.

**{4}** A sufficiently developed record in this case would have shown: how inmates file grievances; how to determine whether a grievance was filed; whether inmates receive copies of their grievances; how the inmate mail system works; what mail privileges are lawfully curtailed in prison; the actual punishment Plaintiff received for possessing escape paraphernalia and why it did not impact his claims about the withholding or censorship of his mail; and, importantly, how each of the grievances Plaintiff alleges to have filed were related to the claims in his complaint, were timely made from the alleged incidents, contained the requisite detail, and were sufficiently pursued with formal grievances or otherwise complied with the procedure.

**{5}** To the extent that Plaintiff contends we erred in our attempts to understand the record and arguments he presented to us, this simply underscores the importance of

our guiding principles of appellate review. This Court should "not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. And we should "not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). Such endeavors require this Court "to develop the arguments itself, effectively performing the parties' work for them[, and such endeavors] . . . create[] a strain on judicial resources and a substantial risk of error" and explaining further that "[i]t is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.*

{6}      While we recognize that Defendants and the district court could have been more responsive to Plaintiff's claim and helpful for our review, it is the appellant's burden to present us an adequate record and clearly demonstrate error. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal."); *Farmers, Inc.*, 1990-NMSC-100, ¶ 8. Without a developed record and detailed arguments about each of Plaintiff's grievances, we cannot find error in the district court's dismissal. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Sandoval*, 2009-NMCA-095, ¶ 65 ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." (internal quotation marks and citation omitted)); *Muse*, 2009-NMCA-003, ¶ 72.

{7}      Plaintiff also continues to challenge the district court's consideration of matters outside of the pleadings and its failure to notify Plaintiff that Defendants' motion was converted to one for summary judgment. [MIO 10-11] In response to our notice, Plaintiff appears to argue that because some of his claims arise under federal law, the Federal Rules of Civil Procedure should apply. [MIO 10-11] Plaintiff refers us to no authority to support this position, and we are not persuaded. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also* Rule 1-001 NMRA (explaining the scope of the New Mexico Rules of Civil Procedure: "These rules govern the procedure in the district courts of New Mexico in all suits of a civil nature whether cognizable as cases at law or in equity except to the extent that the New Mexico Rules of Evidence are inconsistent herewith").

{8}      For the reasons set forth above, we affirm the district court's order granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint.

**{9}      IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**