This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37846**

**GABRIEL AYALA,**

      Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Gabriel Ayala
El Paso, Tx

Pro Se Appellant

James R.D. Brewster
Santa Fe, NM

For Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appealed the district court's denial of his motion to reconsider the court's sua sponte order dismissing his case for failure to state a claim. This Court issued a notice of proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice proposed to affirm on the basis that Plaintiff had not identified  the section of the Tort Claims Act (TCA) under which his claim falls, and as the unnamed correctional employees who Plaintiff claims denied his good-time award are not considered law enforcement officers for the purposes of NMSA 1978, Section 41-4-12

(1976, amended 2020), of the TCA, there appeared to be no waiver of immunity for any alleged deprivation of liberty interests suffered by Plaintiff. [CN 3-5]

**{3}** In his memorandum in opposition, Plaintiff continues to assert that his claim is not barred, and now contends that his claim is permitted under the TCA as a breach of implied contract. [MIO 3] Plaintiff cites to *Hydro Conduit Corp. v. Kemble*, 1990-NMSC-061, ¶ 17, 110 N.M. 173, 793 P.2d 855, which states that one exception to the State's immunity under the Act "was the acceptance of liability for claims based on valid written contracts." *Id.* We note that case emphasizes, "[a] governmental entity's liability under this exception, however, depends on the existence of a valid written contract." *Id.*; *see* NMSA 1978, § 37-1-23(A) (1976) ("Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract."). As such, our case law regarding written and implied contracts constituting a waiver of immunity under the TCA largely considers employment contracts and analyzes whether written documents constitute such a contract. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 9, 121 N.M. 728, 918 P.2d 7 ("Ordinarily, to be legally enforceable, a contract must be factually supported by an offer, an acceptance, consideration, and mutual assent." (internal quotation marks and citation omitted)); *Avalos v. Bd. of Regents of N.M. State Univ.*, 2017-NMCA-082, ¶ 17, 406 P.3d 551 (rejecting an argument that there exists a contract sufficient to waive immunity or expect contractual rights based on an employee handbook and handbook acknowledgment form); *see also Lukoski v. Sandia Indian Mgmt. Co.*, 1988-NMSC-002, ¶ 7, 106 N.M. 664, 748 P.2d 507 (stating that not all personnel manuals will become part of employment contracts).

**{4}** Plaintiff asserts an implied contract arose under NMSA 1978, Section 33-2-34(D) (2015), which provides for how a "prisoner confined in a correctional facility designated by the corrections department is eligible for lump-sum meritorious deductions." [MIO 2] Without any supporting authority we decline to interpret the language of a statute as constituting a written contract with a specific prisoner. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We note that to the extent Plaintiff relies on assertions of oral promises, they are not valid, written contracts, which is what is required for Plaintiff's claim. [MIO 3] *See Treloar v. Cnty. of Chaves*, 2001-NMCA-074, ¶ 16, 130 N.M. 794, 32 P.3d 803 (stating that any contract claim against a governmental entity requires a written contract underlying the claim)*.*

**{5}** Plaintiff also argues in his memorandum in opposition that the State is not immune under NMSA 1978, Section 41-4-4(B)(2) (2001), which states that a governmental entity shall provide a defense for any public employee accused of "any violation of property rights or any rights, privileges or immunities secured by the constitution and laws of the United States or the constitution and laws of New Mexico when alleged to have been committed by the public employee while acting within the scope of his duty." [MIO 3] Besides asserting that the State is not complying with Section 33-2-34, Plaintiff does not further develop this argument or support his apparent

contention that Section 41-4-4(B)(2) waives immunity or establishes that a prisoner has a property or liberty right in a reduction of his sentence. [MIO 3] *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031.

**{6}** We also note that Plaintiff has still not demonstrated why the present claim would provide superior relief to his previously-filed habeas corpus claim, and we note that his cited authority applies in the context of a habeas claim. [MIO 2-3] We therefore conclude that Plaintiff has not demonstrated error by the district court in dismissing his case. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

**{7}** For these reasons and those in the notice of proposed disposition, we affirm.

**{8}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**