This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38627**

**TERRY KIRBY,**

       Worker-Appellant,

v.

**UNITED PARCEL SERVICE and
LIBERTY MUTUAL INSURANCE,**

       Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
Anthony "Tony" Couture, Workers' Compensation Judge

Trenchard & Hoskins
Sean Wang
Royce Hawkins
Roswell, NM

for Appellant

Allen, Shepherd & Lewis, P.A.
Joshua A. Collins
Katrina Bagley Brown
Albuquerque, NM

for Appellees

### DECISION

**BACA, Judge.**

**{1}** Terry Kirby (Worker) appeals from a compensation order that dismissed his complaint brought under the New Mexico Worker's Compensation Act (the Act). His complaint sought benefits for injuries he claims he suffered while employed by United Parcel Service (Employer). On appeal, Worker argues that (1) the Workers' Compensation Judge (WCJ) erred in failing to apply the uncontroverted medical

evidence rule; (2) the WCJ erred in ruling against Worker as to a discrete date of injury instead of addressing the cumulative effect of long-term stresses to Worker's knee over time; and (3) that Worker's claim is not time-barred by NMSA 1978, Section 52-1-31 (1987).

**{2}**     In any appeal before this Court "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [WCJ] has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Here, the WCJ issued a thorough, well-reasoned, and explanatory order resolving each of the issues presented in this appeal. The WCJ specifically found that (1) Worker did not suffer an injury and is not entitled to benefits under the Act; (2) Employer paid all of Worker's medical expenses; and (3) Worker's claim for indemnity benefits was time-barred by the applicable statute of limitations. We conclude, after a thorough and careful review of the briefing, the authorities cited therein, and the record, that Worker has not demonstrated an error on the part of the WCJ that requires reversal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [WCJ's] actions. Appellant must affirmatively demonstrate its assertion of error."). Accordingly, we affirm the WCJ's order.

**{3}     IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**