This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39910**

**MTGLQ INVESTORS, LP,**

       Plaintiff-Appellee,

v.

**MICHAEL E. ARANDA,**

       Defendant-Appellant,

and

**BANK OF AMERICA NATIONAL
TRUST AND SAVINGS ASSOCIATION,
and ROSEMARY D. SALAZAR,**

       Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Joshua A. Allison, District Judge**

IDEA Law Group, LLC
Elizabeth V. Friedenstein
Albuquerque, NM

for Appellee

Rachel O. Woods
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant Michael E. Aranda appeals from a district court order confirming sale. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant's memorandum in opposition continues to allege that there were irregularities running up to the order confirming sale. We disagree. Here, there had previously been a foreclosure judgment and appointment of a special master for purposes of the sale of the residence. [RP 191] The special master filed a report indicating that the property was sold to Ajax 2018-B REO Corp. (Ajax), which had been assigned the judgment and bid from Plaintiff. [RP 223] Defendant filed objections to the report, claiming that the assignment to Ajax might affect his right of redemption. [RP 228] The district court found no irregularities and confirmed the sale. [RP 242]

**{3}** Defendant's specific claim has been that the assignment to Ajax could somehow affect his right of redemption. However, for purposes of this appeal, this claim is speculative and not ripe, because we are not reviewing any redemption proceedings. We do however take judicial notice of the updated district court record in this case, which indicates that the petition for redemption was denied for reasons that do not involve the assignment of Plaintiff's interests. [Odyssey, D-202-CV-2017-06980, February 9, 2022] To the extent that Defendant is alleging some "conspiracy" relating to the assignment, we believe that the fact-finder was free to determine otherwise. *Cf. ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 10, 299 P.3d 844 (stating that matters of credibility are to be resolved by the fact-finder). We also do not believe that Defendant has pointed out any other errors in fact or law below that would indicate the assignment was fraudulent. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

**{4}** Finally, Defendant is challenging the amount paid for the home at the sale; however, there is no requirement that this amount had to equal the appraised value of the home. To the contrary, we consider whether the amount "shock[s] the court's conscience," and this Court has held that a sale price with a greater alleged disparity does not meet this definition where, as here, there are no attendant irregularities. *See Charter Bank v. Francoeur*, 2012-NMCA-078, ¶ 27, 287 P.3d 333.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**