This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38594**

**SUZANNE BURNS,**

   Plaintiff-Appellant,

v.

**PRESBYTERIAN HEALTHCARE SERVICES and NAVJEET KAUR, M.D.,**

   Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joshua A. Allison, District Court Judge**

Fine Law Firm
Mark Fine
Albuquerque, NM

for Appellant

Hinkle Shanor LLP
Kathleen Wilson
Hari-Amrit Khalsa
Albuquerque, NM

for Appellee Presbyterian Healthcare Services

Madison, Mroz, Steinman, Kenny & Olexy, P.A.
M. Eliza Stewart
Jacqueline A. Olexy
Albuquerque, NM

for Appellee Navjeet Kaur, M.D.

**DECISION**

**HANISEE, Judge.**

**{1}** Plaintiff Suzanne Burns appeals the district court's order granting summary judgment in favor of Defendants Presbyterian Health Services and Navjeet Kaur, M.D. Plaintiff alleges that Defendants' negligence during the immediate post-operative period following a surgery they performed on her caused medical complications resulting in injury. On appeal, Plaintiff sets forth the following arguments: (1) the district court abused its discretion in striking an untimely affidavit (Affidavit) written by her expert on medical causation, Dr. Walid Arnaout, because such a sanction resulted in dismissal of her case via summary judgment; and (2) even in the absence of the Affidavit, the district court improperly granted summary judgment in favor of Defendants. Because the district court acted within its discretion to strike Plaintiff's tardy expert Affidavit and properly determined Plaintiff produced no expert testimony on medical causation as required by New Mexico case law, we affirm.

**{2}** As an initial matter, in any appeal before this Court, "[i]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. On October 15, 2009, the district court issued a thorough, well-reasoned, and explanatory order granting Defendants' motions to strike the Affidavit and for summary judgment (the Order). Having carefully reviewed the Order, as well as the briefs of the parties and the record on appeal, we exercise our discretion to adopt the Order for substantially the same reasons as those set forth therein. *See* Rule 12-405(B) NMRA (providing that appellate courts may dispose of a case by nonprecedential order, decision, or memorandum opinion under certain circumstances). We briefly supplement the reasoning expressed by the district court in light of the issues raised on appeal.

**{3}** Plaintiff first claims that the district court failed to permit Plaintiff an opportunity to be heard on the ultimate issue for which her expert Affidavit was struck—that is, its violation of the scheduling order—or properly consider necessary factors before entering a sanction that resulted in dismissal of Plaintiff's case. Regarding the opportunity to be heard, we note that Plaintiff opposed Defendants' motions to strike both in writing and at a lengthy hearing at which argument was presented regarding Defendant's then-pending motions to strike. We therefore reject this argument. Moreover, in addition to agreeing with the Order that the belated Affidavit violated the Rule 1-016 NMRA scheduling order in place during the duration of proceedings in district court, we agree that the stricken Affidavit was inconsistent with both Plaintiff's initial expert disclosure and the expert's deposition testimony, and that to have permitted the Affidavit would have unduly prejudiced Defendants. We further note that Plaintiff did not suffer a sanction *of* dismissal as a consequence of her violation of the scheduling order; rather, she suffered the lesser sanction of exclusion of the untimely Affidavit. The authority Plaintiff provides on appeal addresses circumstances where the sanction itself is one of dismissal. Plaintiff misconstrues the law regarding such lesser sanctions by arguing that New Mexico law treats them as equal to the sanction of direct dismissal even when summary judgment is otherwise granted on legal grounds relating to admissible evidence. While Plaintiff cites *Freeman v. Fairchild*, 2018-NMSC-023, 416

P.3d 264, for the proposition that "a sanction resulting in dismissal" must be reviewed at a heightened standard, *Fairchild* itself involved a sanction of direct dismissal premised upon an opposing party's failure to respond to a motion for summary judgment. *Id.* ¶¶ 9-12. We are unwilling to extend *Fairchild*'s rationale in this regard to *any* sanction that is followed by an order of summary judgment. Rather, we view the Order to resolve separate but related issues—the sanction first, and then the propriety of summary judgment—governed by differing legal standards. Plaintiff's contention that lesser sanctions that are relevant to or lead to summary judgment and dismissal are governed by the same standards as those of direct dismissal (or other dispositive judgment) is incorrect. *See Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972 ("[W]hereas we more closely scrutinize, albeit still under an abuse of discretion standard, the severe sanction of dismissal, we entrust sanctions short of dismissal to the sound discretion of the trial court."). "Excluding a witness, while still a drastic remedy, is one of the lesser sanctions available to the court." *Id.* (internal quotation marks and citation omitted). We reject Plaintiff's argument that the district court applied the wrong standard to that aspect of the Order striking the Affidavit of Plaintiff's expert.

**{4}** Regarding the propriety of the district court's order of summary judgment, a plaintiff in a medical malpractice suit must adduce evidence that the injury complained of was caused by the defendant's negligence. *See e.g., Alberts v. Schultz*, 1999-NMSC-015, ¶ 29, 126 N.M. 807, 975 P.2d 1279. "[E]xpert testimony is generally required to establish a causal connection." *Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445, 389 P.2d 210. Here, the district court determined Plaintiff did not produce any evidence or testimony—apart from that stated in her expert's belated and stricken Affidavit—that Defendants' alleged negligence caused her the harm for which she seeks compensation. Citing *Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 59, 326 P.3d 50 (recognizing that medical causation ordinarily must be supported by expert medical testimony), the district court carefully explained this failure in the Order from which Plaintiff appeals. Our adoption of the Order expresses our agreement with the district court that none of Dr. Arnaout's admissible testimony, nor even Plaintiff's expert disclosure, connected Defendants' alleged negligence to Plaintiff's injuries. Indeed, in Dr. Arnaout's deposition he stated that he did not know when Plaintiff's surgery complication occurred or when it should have been diagnosed. Dr. Arnaout's only admissible opinions in this case pertained to his belief that Defendants' conduct fell below the standard of care.

**{5}** Having carefully reviewed the district court order at issue, the record before us, arguments of the parties and the authorities cited therein, and pertinent case law, we perceive there to be no error upon which reversal could be premised. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. [An a]ppellant must affirmatively demonstrate its assertion of error.").

**CONCLUSION**

**{6}** Accordingly, we affirm the district court's order granting summary judgment in favor of Defendants.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**