This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42792

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**BRIANA H.,**

Respondent-Appellant

and

**DOMINIC M.,**

Respondent,

**IN THE MATTER OF SIENNA H.,
SOULINE H., LAYLA H., AND
MALAKHAI H., Children.**

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Amanda M. Romero, Chief Children's Court Attorney
Cynthia M. Tessman, Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}**     Mother appeals following the district court's entry of an order terminating her parental rights and an order denying her motion to recuse the offices of the Eddy and Lea Counties' Children, Youth, and Families Departments (CYFD). [2 RP 420, 439] This Court issued a calendar notice proposing to summarily affirm. Mother filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Mother's parental rights were terminated, pursuant to NMSA 1978, Section 32A-4-28(B)(2) (2022) [DS 2; 2 RP 438], which states that the termination of parental rights is appropriate when

> the child has been a neglected or abused child as defined in the Abuse and Neglect Act and the court finds that the conditions and causes of the neglect and abuse are unlikely to change in the foreseeable future despite reasonable efforts by [CYFD] or other appropriate agency to assist the parent in adjusting the conditions that render the parent unable to properly care for the child.

In her memorandum, Mother contends the district court erred in terminating her parental rights because CYFD did not make reasonable efforts to provide her with assistance to remedy the causes and conditions that led to the abuse that occurred. [MIO 13] Specifically, Mother asserts that she was not provided enough time to make progress with her treatment plan and that "[r]easonable efforts should include sufficient time for a parent to participate in a treatment plan." [MIO 11-12]

**{3}**     However, Mother overlooks Section 32A-4-28(B)(2)(b). Section 32A-4-28(B)(2)(b) provides that reasonable efforts by CYFD are unnecessary when "the parent has subjected the child to aggravated circumstances." *See State of N.M. ex rel. Child., Youth & Fams. Dep't v. William M.*, 2007-NMCA-055, ¶ 77, 141 N.M. 765, 161 P.3d 262 ("In some cases involving termination on grounds of abuse and neglect, the court may find that efforts by [CYFD] are unnecessary when the parent has subjected the child to aggravated circumstances." (internal quotation marks and citation omitted)); NMSA 1978, § 32A-4-2(C) (2025) (defining "aggravated circumstances"). Here, the district court found aggravated circumstances. [2 RP 421, 426] Indeed, in her docketing statement, Mother acknowledged that "[d]ue to the [district c]ourt having found aggravated circumstances at the adjudicatory hearing, [CYFD was] excused from having to provide reasonable efforts to assist [Mother] in adjusting the conditions that rendered her unable to properly care for [C]hildren." [DS 2]

**{4}** Mother does not challenge the finding of aggravated circumstances in her memorandum. An unchallenged finding of the district court is binding on appeal. *Stueber v. Pickard*, 1991-NMSC-082, ¶ 9, 112 N.M. 489, 816 P.2d 1111; *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [The a]ppellant must affirmatively demonstrate [their] assertion of error."). Consequently, we conclude that the district court did not err in finding aggravated circumstances, and thus affirm the termination of Mother's parental rights. *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 3, 120 N.M. 463, 902 P.2d 1066 ("Our standard of review is . . . whether, viewing the evidence in the light most favorable to the prevailing party, the fact[-]finder could properly determine that the clear and convincing evidence standard was met.").

**{5}** Mother also continues to assert that "her family's relationship with the supervising caseworker . . . created a bias in the handling of her case." [MIO 14] We addressed this assertion of error in our calendar notice and proposed to affirm the district court. [CN 4-5] Mother does not address any of our proposed conclusions or any of the findings of the district court made in this regard and does not provide any new authority or argument that was not already provided in the docketing statement. [MIO 14-15] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore affirm the district court's denial of Mother's motion to recuse the CYFD offices of Eddy and Lea Counties.

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**