This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEBRA SMITH,**

Plaintiff-Appellant,

v.                                         NO. A-1-CA-36952

**MARK W. MOORE and
SUSAN M. MOORE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Mark T. Sanchez, District Judge**

Eric D. Dixon, Attorney & Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

Jay Lynn Francis
Carlsbad, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Following a trial on the merits, Plaintiff Debra Smith appeals from the district court's findings of fact, conclusions of law, and final order. [2 RP 279-90, 297-98, 359-75; *see also* DS 2-3] We issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff filed a timely memorandum in opposition to our notice of proposed disposition, which we have duly considered. We remain unpersuaded and affirm.

{2}     In her docketing statement, Plaintiff raised three issues: (1) whether the district court erred, as a matter of law, when it denied Plaintiff's claim for constructive fraud; (2) whether the district court erred, as a matter of law, when it concluded that New Mexico does not recognize an action for breach of an implied covenant of habitability of residential real property obtained by purchase; and (3) whether the district court erred, as a matter of law, when it denied Plaintiff's claim for breach of fiduciary duty. [DS 6-7] In our notice of proposed disposition, we set forth the relevant background information and principles of law and stated our reasons for proposing to affirm.

{3}     With respect to the constructive fraud issue, we observed that Plaintiff did not challenge the findings of fact, and given the unchallenged findings of fact, we were not convinced that Defendants had a duty to disclose any of the conditions raised by Plaintiff. [CN 4] We further stated that, even if Defendants had some duty, we were not persuaded that Defendants breached any legal or equitable duty in this case. [CN

4] Because we were not convinced that Plaintiff had demonstrated that the district court erred in concluding that Plaintiff failed to carry her burden of proof by proving constructive fraud with "credible, competent, clear, and convincing evidence," we proposed to affirm. [CN 4-5 (quoting 2 RP 289)] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that appellate courts employ a presumption of correctness in the rulings of the district court and the burden is on the appellant to clearly demonstrate error).

{4}      With respect to Plaintiff's claim of breach of an implied covenant of habitability of residential real property obtained by purchase, we discussed *Newcum v. Lawson*, 1984-NMCA-057, 101 N.M. 448, 684 P.2d 534. [CN 5-6] In *Newcum*, we noted that "New Mexico has rejected this implied warranty in landlord-tenant situations, but has not decided whether the implied warranty exists in connection with the sale of a new house." *Id.* ¶ 31 (citation omitted). In that case, we declined to decide whether New Mexico recognizes the existence of an implied warranty of fitness for habitability arising from the sale of a new residence because "under the express terms of the written construction contract between the parties, there could be no implied warranty of habitability." *Id.* In light of the foregoing, we suggested that Plaintiff had failed to explain why she is entitled to a greater right than that currently recognized in New Mexico. [CN 6] *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309

P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{5}** With respect to the breach of fiduciary duty claim, we noted that the district court found that Mrs. Moore was not representing Plaintiff as an attorney in this case, and "the parties dealt mainly through realtors and escrow agents," [CN 6-7 (quoting 2 RP 282)] and Plaintiff did not challenge this finding on appeal. [CN 7] Additionally, we explained that, besides Plaintiff's mention that Mrs. Moore is an attorney, it was unclear why Plaintiff believed that Defendants owed her a fiduciary duty. [CN 7] *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{6}** In her memorandum in opposition, Plaintiff asserts no facts, law, or arguments that are not otherwise addressed by this Court's notice of proposed disposition. [*See generally* MIO] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments

4

does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our analysis therein.

{7}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's orders.

{8}     **IT IS SO ORDERED.**

                            _____

                            **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JULIE J. VARGAS, Judge**

5