DUERINCK V. BD OF SUPERVISORS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**KEITH DUERINCK and CLAUDIA DUERINCK,**
**Plaintiffs-Appellants,**
**v.**
**THE BOARD OF SUPERVISORS OF THE GRANT SOIL AND WATER CONSERVATION DISTRICT and THE BOARD OF DIRECTORS OF THE UPPER GILA VALLEY ARROYOS WATERSHED DISTRICT,**
**Defendants-Appellees.**

Docket No. A-1-CA-36850
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY, J.C. Robinson, District Judge

**COUNSEL**

Keith Duerinck, Claudia Duerinck, Gila, NM Pro Se Appellants

Norman R. Wheeler, Silver City, NM, for Appellees.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  JULIE J. VARGAS, Judge JACQUELINE R. MEDINA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Plaintiffs Keith and Claudia Duerinck, self-represented litigants, appeal from the district court's order granting Defendants, the Board of Supervisors of the Grant Soil and Water Conservation District and Board of Directors of the Upper Gila Valley Arroyos Watershed District's, motion to dismiss Plaintiffs' complaint. [RP 101-108]  On appeal, Plaintiffs contend broadly that the district court's order was in error and specifically that

they were entitled to a hearing prior to dismissal. This Court issued a notice of proposed disposition, proposing to affirm. Plaintiffs filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In this Court's calendar notice, we proposed to affirm based on our determination that the matter was appropriately heard on the briefs without a hearing. [CN 4] We also stated that Plaintiffs did not challenge any specific factual or legal finding, with the exception of challenging the district court's citation to NMSA 1978, § 73-20-36 (2003). [CN 5] We instructed Plaintiffs that we presume correctness in the district court's rulings and, in the absence of any challenge to the other independent grounds on which the district court dismissed, we will hold that those grounds are sufficient. [CN 5]

**{3}** In their memorandum in opposition, Plaintiffs now argue only that there were errors in the judgment regarding the watershed district addition statute and the statute of limitations. [MIO 2] We acknowledge Plaintiffs' contention that the district court appears to have analyzed addition of land to a watershed district under the procedures for a soil and water conservation district, when a watershed district has its own statutory procedures. [MIO 3-4] *Compare* § 73-20-36, *with* NMSA 1978, § 73-20-21 (2003, amended 2019).

**{4}** Plaintiffs' argument regarding the statutes of limitations appears to be that they discovered the alleged historical injury regarding the 1984 addition to the district in October of 2016, and therefore should not have been barred from filing their complaint in May 2017 under NMSA 1978, Section 37-1-7 (1880). [MIO 5-6] Plaintiffs supply us with no further explanation of their argument, and specifically neglect to explain how they demonstrated to the district court that October 2016 is when they should have known about the 1984 expansion. *See McNeill v. Burlington Res. Oil & Gas Co.*, 2007-NMCA-024, ¶ 14, 141 N.M. 212, 153 P.3d 46 (stating, in reference to Section 37-1-7, "[i]n New Mexico, a cause of action arises not necessarily at the time of injury, but rather at the time a plaintiff knows or should have known of the claims"). "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Plaintiffs' statute of limitations argument is not developed and does not demonstrate error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{5}** Regardless, however, Plaintiffs still have not demonstrated why any of the other independent grounds for the district court's dismissal is in error, despite the calendar notice's instruction. Plaintiffs challenge no finding or conclusion supporting the district court's dismissal due to lack of standing, waiver, and failure to exhaust administrative remedies. Plaintiffs' failure to respond to our proposed affirmance on these alternative grounds constitutes an acceptance of our proposed affirmance on these grounds. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 ("Failure to file a

memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."); *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{6}     Based on the foregoing, we therefore affirm.

{7}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**