This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37925**

**RAUL A. CANO. C.,**

Plaintiff-Appellant/Cross-Appellee,

v.

**KEITH LEGOZA,**

Defendant-Appellee/Cross-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Raul A. Cano. C.
Albuquerque, NM

Pro Se Appellant/Cross-Appellee

Walsh, Gallegos, Treviño, Russo & Kyle P.C.
Barry J. Berenberg
Rodney L. Gabaldón
Albuquerque, NM

for Appellee/Cross-Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Plaintiff appeals from the district court's order of dismissal. In this Court's notice of proposed disposition, we proposed to summarily affirm. We also proposed to dismiss Defendant's cross-appeal, on the basis that Defendant failed to file a docketing statement as required by the Rules of Appellate Procedure. Plaintiff filed a "memorandum from plaintiff," which we have duly considered. Defendant did not file a response and the time for doing so has expired. Remaining unpersuaded by Plaintiff's arguments, and given that Defendant has not opposed our proposed dismissal of his

cross-appeal, we affirm the order of the district court in the direct appeal and dismiss the cross-appeal.

**{2}** In our calendar notice, we proposed to affirm the order of the district court, because we could not discern from Plaintiff's docketing statement the relief sought and grounds therefor. [CN 1, 3] In his memorandum in opposition, Plaintiff provides additional background information concerning his dispute with Defendant, but fails to alert this Court to the ways in which he believes the district court erred. [MIO PDF 1] We employ a presumption of correctness in the rulings of the district court, and the burden is on the appellant to clearly demonstrate error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Here, Plaintiff has not demonstrated that the district court erred. Moreover, Plaintiff has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** We also proposed in our calendar notice to dismiss Defendant's cross-appeal for failure to comply with Rule 12-208(G) NMRA. [CN 1, 3] *See* Rule 12-312(A), (D) NMRA (stating that failure to comply with court rules may result in sanctions, including dismissal, and that failure to file a docketing statement may be deemed sufficient grounds for dismissal of an appeal). Defendant has not responded to our proposed disposition. "Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order. In addition, we dismiss Defendant's cross-appeal.

**{5}   IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**MEGAN P. DUFFY, Judge**