This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38363**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**JOSEPH T.,**

       Respondent-Appellant,

and

**CHRISTINA F.,**

       Respondent,

**IN THE MATTER OF HAILE T. and
CHRIS-JOSEPH T.,
Children.**

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Mercedes C. Murphy, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Carol Kirk Rodriguez
Albuquerque, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Respondent Joseph T. (Father) appeals from the district court's judgment terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father continues to contend that trial counsel was ineffective. [MIO 9] Father has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Father to our analysis therein.

**{3}** To the extent Father argues that trial counsel's decision not to call additional witnesses was "presumptively ineffective" despite the absence of any demonstration of prejudice resulting from that decision, he fails to support that assertion with any citation to authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Insofar as Father contends it is impossible to assess his ineffective assistance of counsel claim without review of the transcript in order to determine if there was error—namely, whether the failure to call witnesses prejudiced him [MIO 4-5, 9]— that is not a proper basis for assignment to the general calendar. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (concluding that reassignment to a non-summary calendar is not required where it "would serve no purpose other than to allow appellate counsel to pick through the record" for possible error). Additionally, to the extent Father argues that any issue analyzed under a de novo standard of review requires placement on the general calendar, this contention is likewise unsupported by any citation to authority. *See id.* Thus, Father has failed to carry his burden to demonstrate error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes

that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred).

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm the district court's order terminating his parental rights to Children.

**{5}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**