This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39667

STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,

     Petitioner-Appellee,

v.

KRYSTLE A.,

     Respondent-Appellant,

v.

NICOLE M. and AUSTIN D.,

     Proposed Intervenors,

IN THE MATTER OF JOEY A. and
LUCAS A.,

     Children.

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Jared G. Kallunki, District Judge

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

JulieAnne Hufstedler Leonard, PC
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Respondent (Mother) appeals from the district court's adjudicatory judgment finding neglect. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition, which we have duly considered. For the reasons articulated below, we affirm the adjudication of neglect.

**{2}**     In her memorandum in opposition, Mother continues to argue that the district court lacked sufficient evidence to adjudicate Children as neglected. Mother clarifies the basis of her argument to assert that the district court's order should be reversed "because the district court provides no factual basis for its determination." [MIO 7]

**{3}**     Our standard of review requires us to review whether the district court's finding of neglect was supported by substantial evidence of a clear and convincing nature. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 38, 421 P.3d 814. In our notice of proposed disposition, we proposed to conclude, based on the evidence outlined in Mother's docketing statement, that the evidence was sufficient to support the district court's adjudication of neglect. [CN 2-5] Specifically, we suggested that there was evidence that Children were, due to the faults or habits of Mother, without the proper parental care and control necessary for their well-being because Mother was aware that Children were at risk of, and younger Child was a victim of, sexual assault and failed to engage, take action, or otherwise implement a "safety plan" to prevent or avoid such harm to Children's well-being. [CN 2-6] *See In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶¶ 22, 24, 120 N.M. 463, 902 P.2d 1066 (reasoning that evidence that the children have been exposed to violence is relevant to a parent's neglect and concluding that a parent's unwillingness to make certain adjustments for the sake of the children and resulting inability to learn to provide the necessary care constituted clear and convincing evidence of neglect); *State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶¶ 26, 28, 137 N.M. 687, 114 P.3d 367 (reasoning that a child would be neglected, due to the fault of a parent, when the parent had notice that the child was a risk of harm and failed to protect or aid the child, and noting that past harm to other children is relevant in determining the abuse and neglect of a different child).

**{4}**     Mother's memorandum in opposition does not claim that this Court erred in our analysis of the evidence to support the district court's finding in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or

law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Instead, Mother asserts that the district court failed to make specific factual findings to support its adjudication of neglect. [MIO 8-9]

**{5}** Following an adjudicatory hearing, however, the district court in this case found that the Children, Youth, and Families Department "has proven by clear and convincing evidence that, as to [Mother], [Children] are neglected or abused children," pursuant to NMSA 1978, Section 32A-4-2(G)(2) (2018) as "without proper parental care and control . . . necessary for [Children's] well-being because of the faults or habits of [Mother], . . . or the failure or refusal of [Mother] . . . when able to do so to provide them." [RP 125] This is all that is required by the Children's Code. *See* NMSA 1978, § 32A-4-20(G) (2014) (requiring only that the district court "after hearing all of the evidence bearing on the allegations of neglect or abuse, shall make and record its findings on whether the child is a neglected child, an abused child or both"). We are aware of nothing in the Children's Code that says additional or more specific findings are required, and Mother has cited to no authority indicating otherwise in her memorandum in opposition. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("Appellant must affirmatively demonstrate its assertion of error."); *see also Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** As such, and because the district court's finding of neglect is supported by substantial evidence, we are not persuaded by Mother's general assertion that the district court's "adjudication without a factual basis implicates fundamental fairness and violates Mother's due process rights." [MIO 8] *See Hennessy*, 1998-NMCA-036, ¶ 24. Indeed, Mother's memorandum in opposition has neither asserted nor established prejudice as a result of this claimed due process violation. *See State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 ("[I]n order to establish a violation of due process, a defendant must show prejudice."); *State ex rel. Child., Youth & Fams. Dep't v. Ruth Anne E.*, 1999-NMCA-035, ¶¶ 27, 28, 126 N.M. 670, 974 P.2d 164 (explaining that due process concepts are "malleable" and reversing upon a parent's showing of prejudice).

**{7}** Mother's memorandum in opposition has failed to otherwise persuade this Court that our proposed summary disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**