This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38663**

**ARLENE SCOTT,**

Petitioner-Appellee,

v.

**JOHN LESCHENA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Salcedo & Company, LLC
Isidro Salcedo
Las Cruces, NM

for Appellee

L.B. Jenkins & Associates
Lisa B. Jenkins
Tularosa, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Respondent John Leschena appeals the district court's order in favor of Petitioner Arlene Scott with respect to the probate of the estate of John A. Lee (Decedent). Respondent argues that the relief granted in the district court's order is prohibited by the statute of limitations applicable to probate actions and that the district court erroneously applied the doctrine of equitable tolling. We affirm.

## BACKGROUND

**{2}** Decedent passed away on November 22, 2014. Petitioner and Respondent are beneficiaries of Decedent's will. The will named Respondent as Decedent's personal representative. An informal probate action commenced on December 2, 2014, and closed on December 19, 2016.

**{3}** On January 23, 2018, Petitioner filed a petition to reopen probate proceedings, seeking, among other things, a full accounting of Decedent's estate. Additionally, Petitioner alleged that the following provision concerning payable on death (POD) accounts, found in Article IV, Section F of the will, provides "two legally competing instructions" and required the district court's interpretation. Section F reads:

> I have a checking account at the First National Bank in Alamogordo, NM[], and a checking account at Western Bank, Alamogordo, NM. Both are POD to [Respondent], my [p]ersonal [r]epresentative. It is my intent that he pay the expenses of my last illness and the bills of my estate and divide the remainder in accordance with the residuary clause of this my Last Will and Testament.

**{4}** Following briefing and a hearing, the district court concluded that (1) there is no statute of limitations imposed for construction of terms in a probated will; (2) the limitations set out in NMSA 1978, Section 45-3-108(A) (2011) applied to Petitioner's request to reopen the proceedings and her remaining requests for relief; and (3) "[t]he three[-]year statute of limitations ha[d] been equitably tolled."

**{5}** The district court ordered Respondent to provide Petitioner with "a full accounting of the accounts listed in Article IV, Section F." It further ordered that the funds remaining in those accounts, less Decedent's medical and estate expenses, "be divided in accordance with the residuary clause" of the will. Respondent appeals.

**DISCUSSION**

**{6}** Respondent argues that (1) contrary to the district court's conclusion, a statute of limitations is applicable to Petitioner's request that the district court construe the terms in Article IV, Section F of the will; and (2) the district court erroneously concluded that the applicable statute of limitations had been equitably tolled.

**{7}** We begin by setting out the hindrances we face in our review of this case due to Respondent's briefing. In his brief in chief, Respondent does not supply us with the standard that he believes controls our review of the issues he presents. *See* Rule 12-318(A)(4) NMRA (requiring an appellant's brief in chief to include, "with respect to each issue presented, . . . a statement of the applicable standard of review"). Moreover, Respondent's brief in chief does not include "a statement explaining how the issue[s] were] preserved in the court below." *Id.* In addition to these deficiencies, our review is further constrained by the lack of development—both factual and legal—of Respondent's arguments, as set forth more fully below. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is

not adequately developed."). Deficits such as these in a brief in chief are difficult for an appellant to overcome given the fact that the rulings and decisions of a trial court are presumed to be correct, and the party claiming error bears the burden of demonstrating such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211; *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.").

## I.     Construing a Provision of the Probated Will

**{8}**     With respect to Respondent's challenge that the district court erred in concluding that the construction of the will was not governed by a statute of limitations, Respondent mainly argues that the limitations set forth in Section 45-3-108 for probate proceedings barred Petitioner's request that the district court construe Article IV, Section F of the will. Respondent also cites authority that outlines the policy considerations for imposing statutes of limitation. However, as Petitioner correctly points out, Respondent did not preserve this specific issue. Therefore, Respondent's argument is limited to asserting that Petitioner's request was deceitful, and that she was actually "challenging the distribution of assets in the will." Our review of the district court's legal conclusions is de novo. *Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 21, 140 N.M. 637, 145 P.3d 117.

**{9}**     "The limitations set out in [Section 45-3-108(A)] . . . do not apply to proceedings to construe probated wills." Section 45-3-108(B). It is undisputed that Decedent's will had been probated. What remains on this question, then, is Respondent's statement that Petitioner used her request to have the district court construe Article IV, Section F as a vehicle for her to get her other requests before the district court, though they would normally be barred by the statute of limitations. Respondent attempts to bolster this argument by noting that, pursuant to NMSA 1978, Section 45-6-101 (2005), POD accounts are not probated. Thus, Respondent argues, Petitioner truly intended to "litigat[e] the administration and distribution of the estate."

**{10}**     We perceive no merit to this argument. First, the district court's order clearly bifurcates Petitioner's requests, explicitly stating that only her request for construction of Article IV, Section F of the will was exempt from a statute of limitations, while her remaining requests were not. Next, the question Petitioner requested the district court answer is the effect of Article IV, Section F of the will on the accounts mentioned therein, and whether that effect subjected the accounts to probate. Finally, without further elaboration from Respondent, we fail to see how Petitioner's request is an "impossible" task for the district court as he contends. *See Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 18, 148 N.M. 81, 229 P.3d 1253 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{11}**     For all these reasons, we see no error in the district court's conclusion that Petitioner's request for construction of Article IV, Section F was not subject to the limitations imposed by Section 45-3-108(A). We turn now to Respondent's claim that the

district court erroneously applied the doctrine of equitable tolling to Petitioner's remaining claims.

## II. Equitable Tolling

**{12}** Respondent's challenge to the district court's application of the doctrine of equitable tolling to Petitioner's remaining requests suffers from lack of development. In fact, Respondent's briefing does not provide any argument to support his position that equitable tolling was erroneously applied by the district court. Rather, Respondent sets out case law on equitable tolling while interspersing authority on a separate doctrine, equitable estoppel, for which he offers one paragraph of unsupported argument. *See* Rule 12-318(A)(4) (requiring an appellant's brief in chief to include argument "with citations to . . . record proper, transcripts of proceedings, or exhibits relied on"). Petitioner correctly notes that, though she raised equitable estoppel below, the district court did not rule on that issue. Thus, it is not properly before us on appeal, and we limit our discussion to the district court's application of equitable tolling. *See Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 41, 302 P.3d 751 (stating that, in the absence of consideration or ruling by the district court, an issue "is not properly before this Court"). Our review of the district court's application of equitable tolling is for an abuse of discretion. *Chase Manhattan Mortg. Corp. v. Caraway*, 2003-NMCA-020, ¶ 23, 133 N.M. 291, 62 P.3d 748.

**{13}** In the absence of argument and citations to the factual record on this issue, we cannot say that the district court abused its discretion by applying equitable tolling to Petitioner's request for relief. *See Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case."); *Elane Photography v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, [the appellate court] would have to develop arguments itself, effectively performing the parties' work for them."); *Elane Photography*, 2013-NMSC-040, ¶ 70 (noting the "strain on judicial resources and . . . substantial risk of error" created by ruling when the briefing does not contain a developed argument); *Murken v. Solv-ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 14 P.3d 1192 (noting that this Court will not "comb the record" in order to address a party's argument). Thus, we will not disrupt the district court's exercise of discretion in applying equitable tolling to Plaintiff's requests for relief.

## CONCLUSION

**{14}** The district court's order is affirmed.

**{15} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**