This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38898

NEW MEXICO PUBLIC REGULATION
COMMISSION; PUBLIC SERVICE
COMPANY OF NEW MEXICO;
WESTMORELAND COAL COMPANY;
and BHP BILLITON NEW MEXICO
COAL, INC.,

  Plaintiffs/Counterdefendants-Appellees,

v.

THE NEW MEXICAN, INC.,

  Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Miller Stratvert P.A.
Dylan O'Reilly
Luke A. Salganek
Santa Fe, NM
Richard L. Alvidrez
Albuquerque, NM

for Appellee Public Service Company of New Mexico

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Martha G. Brown
Elizabeth A. Martinez
Albuquerque, NM

for Appellee BHP Billiton New Mexico Coal, Inc.

Peifer, Hanson, Mullins & Baker, P.A.
Charles R. Peifer
Gregory P. Williams

Albuquerque, NM

for Appellants

Daniel Yohalem
Santa Fe, NM

Katie Townsend
Washington, D.C.

for Amici Curiae

**DECISION**

**HANISEE, Chief Judge.**

**{1}** The New Mexican, Inc. (the New Mexican) appeals the district court's order granting the motions of BHP Billiton New Mexico Coal (BHP) and Public Service Company of New Mexico (PNM) (collectively, Intervenors) for judgment on the pleadings as to all counterclaims asserted against Intervenors by the New Mexican. The New Mexican's counterclaims were filed in response to Intervenors' effort to participate in the Public Regulation Commission's (PRC) lawsuit seeking to prevent the New Mexican's publication of certain documents. The documents had been inadvertently supplied to the New Mexican in response to the New Mexican's Inspection of Public Records Act (IPRA), NMSA 1978, § 14-2-1 (2019), request related to an ongoing administrative proceeding before the PRC.

**{2}** On appeal, the New Mexican broadly contends that the district court's order violates the New Mexican's First Amendment rights and specifically argues that the district court misconstrued *Cordova v. Cline*, 2017-NMSC-020, 396 P.3d 159, in which our Supreme Court adopted the *Noerr-Pennington* doctrine, providing that "those who engage in conduct aimed at influencing the government, including litigation, are shielded from retaliation provided their conduct is not a sham." *Cordova*, 2017-NMSC-020, ¶ 24. The New Mexican further asserts that pursuant to the *Noerr-Pennington* doctrine, it was authorized to file a counterclaim for malicious abuse of process against Intervenors. Finally, the New Mexican argues that the district court's order of judgment in favor of BHP and PNM resulted in a denial of the New Mexican's due process rights and violates the Anti-SLAPP statute. *See* NMSA 1978, § 38-2-9.2 (2001) (explaining that baseless civil lawsuits filed "against persons for exercising their right to petition . . . can be an abuse of the legal process" and such "lawsuits should be subject to prompt dismissal or judgment to prevent the abuse of the legal process"). Determining that the New Mexican fails to demonstrate any error by the district court, we affirm.

**{3}** As the appellant, the New Mexican must clearly demonstrate—with clear and well-supported arguments—that the district court erred in concluding that the New Mexican "failed to meet the heightened pleading standard . . . to bring its claims within the narrow exception of the *Noerr-Pennington* doctrine," and in granting Intervenors'

motions for judgment on the pleadings. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions."); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("[The appellate courts] require[] that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented. We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citations omitted)); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{4}** Here, the district court determined that because PNM and BHP were permitted to intervene in a matter brought by the PRC and affecting the interests of the Intervenors, each had a legitimate interest implicating the *Noerr-Pennington* doctrine, which declares that petitioners who seek to influence the government through litigation, are entitled to immunity from retaliatory claims—such as the New Mexican's malicious abuse of process counterclaim—"unless the petitioners (1) lacked sufficient factual or legal support, and (2) had a subjective illegitimate motive for exercising their right to petition." *Cordova*, 2017-NMSC-020, ¶ 1. The district court additionally concluded that the New Mexican's counterclaim "failed to meet the heightened pleading standard set forth in *Cordova*," under which counterclaimants must plead with "sufficient factual and legal specificity to establish" that the conduct complained of was a sham "to overcome both the *Noerr-Pennington* doctrine and the affirmative defense under the Anti-SLAPP statute." *Id.* ¶ 30; *see* § 38-2-9.2.

**{5}** While we have doubts that the *Noerr-Pennington* doctrine and the heightened pleading standard of *Cordova* are applicable when, as in this case, both parties in question are private entities, and neither are government entities or officials, we decline to address this issue and assume without deciding that the doctrine and the heightened pleading standard apply under such circumstances. Limiting our analysis to the arguments the New Mexican makes on appeal, we conclude that the New Mexican has failed to demonstrate error.

**{6}** The New Mexican argues that the district court erred in rejecting its argument that the sham exception applies. To prevail under the sham exception, the New Mexican must demonstrate that the complaints in intervention "(1) lacked sufficient factual or legal support, and (2) [the Intervenors] had a subjective illegitimate motive for exercising their right to petition." *See Cordova*, 2017-NMSC-020, ¶ 1. The New Mexican's arguments before the district court as well as those contained in its appellate briefing suffer from a fatal structural flaw. The New Mexican argues *only* that it has established BHP and PNM had a subjective illegitimate motive—"a prior restraint against the news media." But even if we were to conclude that the New Mexican is correct as to the subjective element of the sham exception, we would have no basis for reversal because the New Mexican has presented no argument as to the objective element—that the complaints in intervention "lacked sufficient factual or legal support." *See id.* ¶ 2. Thus, we conclude, after a thorough and careful review of the briefing, the

authorities cited therein, and the record, that the New Mexican failed to demonstrate any error on the part of the district court. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Corona*, 2014-NMCA-071, ¶ 28. We, therefore, affirm.

{7}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**