This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40981

**JARROD LOWREY, on behalf of
NOBLE LOWREY,**

Plaintiff-Appellant,

v.

**ERIC ANTHONY WIDEMAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Court Judge**

Jarrod Lowrey
Rio Rancho, NM

Pro Se Appellant

Eric Anthony Wideman
Albuquerque, NM

Pro Se Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from the district court's January 27, 2023 order adopting the special master's recommendations and dismissing the case. Unpersuaded that Plaintiff's docketing statement demonstrated error, we issued a notice proposing to affirm. Plaintiff has responded with a memorandum opposing our notice. We remain unpersuaded and affirm.

**{2}** Plaintiff's memorandum in opposition misapprehends much of our proposed analysis, attempts to degrade this Court, and fails to demonstrate district court error.

Plaintiff describes this Court's proposed analysis as "unintelligible arguments," "obfuscat[ing] the issues," "shocking," "largely incoherent," and "completely outrageous," and accuses this Court of playing "shell games," "engaging in a[n] overt conspiracy to cover up for the [l]ower [c]ourt," showing "an extreme amount of bias," and "fabricating justifications to absolve the [l]ower [c]ourts," among other similarly characterized actions. [MIO 1-2, 5-9] "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (citation omitted). The kind of disrespectful advocacy Plaintiff has displayed to this Court would be improper from members of the bar, and is similarly unacceptable from the current litigant. *Cf. In re Victor R. Marshall*, 2023-NMSC-006, ¶¶ 8-10, 528 P.3d 653 (disciplining counsel for making various unfounded statements in pleadings impugning the integrity of a Court of Appeals judge).

**{3}**     We remind Plaintiff that, rather than revealing nefarious bias or a conspiracy "to cover up" for the district court, our notice conforms to the broad standard of review by which this Court is bound, which requires us to presume correctness in the rulings and proceedings of the district court and place the burden of clearly demonstrating error on the party appealing. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness in the district court's ruling and hold the appellant to the burden of affirmatively demonstrating the claimed error).

**{4}**     As we have explained to Plaintiff in a previous opinion, "[t]o prevail on the summary calendar, a memorandum in opposition must correct any deficiencies in the docketing statement and establish errors of law and fact in the district court's ruling and in our proposed analysis; repeating earlier arguments does not fulfill an appellant's obligation." *Lowrey v. Regan*, A-1-CA-40858, mem. op. ¶ 2 (N.M. Ct. App. May 10, 2023) (nonprecedential); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Plaintiff's mostly conclusory arguments do not demonstrate the error he claims on appeal. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments); *Aetna Fin. Co. v. Gaither*, 1994-NMSC-082, ¶ 15, 118 N.M. 246, 880 P.2d 857 (stating that the appellants' "bald assertion of error by the court is insufficient: simply alleging an abuse of discretion does not make it so" (internal quotation marks and citation omitted)); *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)).

**{5}**     Plaintiff also does not demonstrate that the district court abused its discretion by referring this matter to a domestic relations special master, who has been appointed in much of Plaintiff's litigation, involving the same or similar accusations surrounding his son and his son's mother, and is therefore familiar with the circumstances. [CN 3-4] *See*

*Schwartzman v. Schwartzman Packing Co.*, 1983-NMSC-010, ¶ 17, 99 N.M. 436, 659 P.2d 888 ("This Court has left the appointment of special masters entirely to the discretion of the district judge in civil cases." (internal quotation marks and citation omitted)); *State v. Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104 ("It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court."); *see also* Rule 1-053.2(C)(2) NMRA (governing, specifically, domestic relations hearing officers and providing a long and broad list of duties that may be performed by a domestic relations hearing officer, including the ability to "conduct hearings on all petitions and motions, both before and after entry of the decree").

**{6}** Because Plaintiff's memorandum in opposition did not cure deficiencies in the docketing statement or otherwise demonstrate error, for the reasons set forth in our notice and above, we affirm the district court's order adopting the special master's recommendations and dismissing the case.

**{7} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**