This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40373**

**SHERIFF MANNY GONZALES, on his own behalf and in his capacity as a candidate for Mayor of Albuquerque,**

       Plaintiff-Appellant/Cross-Appellee,

v.

**ETHAN WATSON, in his individual capacity and his official capacity as Albuquerque City Clerk and the CITY OF ALBUQUERQUE, including its CITY CLERK'S OFFICE,**

       Defendants-Appellees/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**James Lawrence Sanchez, District Court Judge, Sitting by Designation**

Harrison, Hart & Davis, LLC
Carter B. Harrison IV
Daniel J. Gallegos
Albuquerque, NM

for Appellant

Peifer, Hanson, Mullins & Baker, P.A.
Mark T. Baker
Matt M. Beck
Matthew E. Jackson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** We are presented with the second of two appeals in an ongoing legal saga between then Bernalillo County Sheriff Manny Gonzales III (Sheriff Gonzales), and Defendants Ethan Watson (the City Clerk) and the City of Albuquerque (the City). *See Gonzales v. Watson* (*Gonzales I*), ___-NMCA-___, ___ P.3d ___ (A-1-CA-39971, Jan. 23, 2024). In this case, the second appeal, Defendants argue on cross-appeal that the district court (1) erred in concluding issue preclusion applied to this case based on the first case between the parties (the Due Process case); (2) abused its discretion in applying issue preclusion; and (3) erred in awarding Sheriff Gonzales all his claimed fees despite only partially prevailing. Sheriff Gonzales argues that the district court erred when it (1) determined that the legal fees in the Due Process case were not recoverable as damages; (2) did not award damages for his lost days of fundraising; and (3) dismissed his N.M. Constitution Bill of Rights and Inspection of Public Records claims. In accordance with our decision in *Gonzales I*, ___-NMCA-___, ¶ 29, in which we reversed the district court's determination that Sheriff Gonzales's due process rights had been violated, we reverse the district court's decision that the Due Process case had a preclusive effect that established Sheriff Gonzales's Civil Rights Act claim, along with its decision to award Sheriff Gonzales nominal damages, attorney fees, and costs. We affirm the district court's decision to dismiss Sheriff Gonzales's remaining claims.

## BACKGROUND

**{2}** This case stems from the 2021 Albuquerque mayoral race where Sheriff Gonzales attempted to qualify for public financing. In the Due Process case, the City Clerk, in his official capacity, denied certification of Sheriff Gonzales's application for public financing based on allegations of fraud. Sheriff Gonzales appealed the decision, arguing the Defendants' procedures denied him due process. The district court in the Due Process case determined that Sheriff Gonzales was denied procedural due process when the City Clerk denied his certification for public financing, and the district court remanded for a new administrative hearing.

**{3}** Before the appeal of the original administrative hearing in the Due Process case was filed, Sheriff Gonzales and several of his supporters filed this suit, asserting claims based on the New Mexico Civil Rights Act (CRA), NMSA 1978, ¶¶ 41-4A-1 to -13 (2021), for violations of their due process and equal protection rights (CRA due process claim); the N.M. Constitution's Bill of Rights (CRA Bill of Rights claim), N.M. Const. art. II; and the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2023). The supporters' claims were also made on behalf of a putative class. Defendants moved to dismiss the CRA claims asserted by Sheriff Gonzales and all claims made by the putative class representatives. Without a hearing, the district court dismissed the supporters' claims and the putative class for lack of standing, but denied the motion to dismiss as to Sheriff Gonzales. In the same order, the district court sua sponte directed the parties to provide briefing regarding the preclusive effect of the district court's decision in the Due Process case that Sheriff Gonzales's due process rights were violated.

**{4}** After briefing from both parties and without a hearing, the district court determined that the Due Process case's order "should have preclusive effect in this action under the doctrine of [issue preclusion]" and it set a hearing on the sole issue of damages. The parties briefed the issue of damages and attorney fees. The district court set a hearing on the issue of damages and fees for April 28, 2022. The district court denied Defendants' motion to stay the damages hearing until this Court addressed the Due Process case. On the same day—and before the scheduled hearing—the district court issued a judgment that awarded fees and costs in this case; denied Sheriff Gonzales's requests for fees and costs incurred in the Due Process case; denied Sheriff Gonzales's request for damages from the loss of fundraising as speculative; and awarded nominal damages in the amount of one dollar. The district court also dismissed all of Sheriff Gonzales's remaining claims. Sheriff Gonzales appealed and Defendants cross-appealed.

**{5}** Once both cases were in front of this Court, Sheriff Gonzales filed an unopposed motion to consolidate the two appeals, and the motion was held in abeyance pending submission to the panel. The order was denied. As stated, this Court reversed the district court's decision that Sheriff Gonzales was deprived of procedural due process in the Due Process case. *Gonzales I*, ___-NMCA-___, ¶ 29.

## DISCUSSION

## I.  We Reverse the District Court's Decisions on Issue Preclusion and Costs

**{6}** Defendants argue the district court erred in concluding that issue preclusion applied to Sheriff Gonzales's CRA due process claim. The district court's decision was based unequivocally on the court's decision in the Due Process case. Because we have reversed the district court's decision in *Gonzales I*, ___-NMCA-___, ¶ 29, there is now no basis for issue preclusion and the district court's decision finding such preclusion must be reversed. *See Ullrich v. Blanchard*, 2007-NMCA-145, ¶ 19, 142 N.M. 835, 171 P.3d 774 (stating that claim preclusion "prevents a party from re[]litigating ultimate facts or issues actually and necessarily decided in a prior suit" (emphasis, internal quotation marks, and citation omitted)). The same goes for the district court's decision to award Sheriff Gonzales attorney fees, costs, and damages. *See* § 41-4A-5 ("In any action brought under the [CRA], the court may, in its discretion, allow a *prevailing* plaintiff or plaintiffs reasonable attorney fees and costs to be paid by the defendant." (emphasis added)); *see also* § 41-4A-3 (providing for actual damages and equitable or injunctive relief for claims pursuant to the CRA). Because we reversed the district court's decision on issue preclusion, Sheriff Gonzales has not prevailed on his CRA due process claim and is not currently entitled to attorney fees, costs, or nominal damages. Thus, we reverse the district court's decision to award Sheriff Gonzales costs, attorney fees, and nominal damages as well as the decision on issue preclusion.

**{7}** Sheriff Gonzales's arguments regarding whether the district court erred in not awarding him costs for the Due Process case and for his lost days of fundraising, and Defendants' argument that the district court erred in awarding all of Sheriff Gonzales's

fees despite his partial success in litigation, are thus moot. *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions.").

## II. Sheriff Gonzales Has Not Met His Burden to Reverse the District Court's Decision to Dismiss His CRA Bill of Rights Claim or His IPRA Claim

{8}     In one paragraph in his briefing to this Court, Sheriff Gonzales argues that the district court erred in dismissing both his CRA Bill of Rights claim and his IPRA claim. "[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Sheriff Gonzales only cites case law that stands for the proposition that a district court's failure to make findings may require an appellate court to remand for proper findings. Sheriff Gonzales does not explain the legal theories of either claim, makes no substantive arguments regarding why the decisions were in error, and does not point to what factual allegations support reversal. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings."). Though Sheriff Gonzales asserts that "one cannot help but wonder if the [d]istrict [c]ourt forgot about" the claims, he did not file a motion for reconsideration or request that the district court explain its verdict. We conclude that Sheriff Gonzales has not met this burden to demonstrate an error on the part of the district court that requires reversal. *See Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error.").

## CONCLUSION

{9}     For the foregoing reasons, we reverse the district court's decisions to grant preclusive effect for Sheriff Gonzales's CRA due process claim and to grant Sheriff Gonzales's costs, attorney fees, and nominal damages. We otherwise affirm.

{10}    IT IS SO ORDERED.

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**